STATE OF NEW JERSEY v. FRANK BLUSEWICZ,
DEFENDANT.

———

STATE OF NEW JERSEY v. WESLEY MITCHELL,
DEFENDANT.

Argued May 13, 1947—Decided June 12, 1947.

———

For the applicants, *Rothbard, Harris & Oxfeld* (*Samuel
L. Rothbard, Emil Oxfeld* and *Abraham L. Friedman,* of
counsel).

For the State of New Jersey, *Edward Cohn,* Prosecutor of
the Pleas, and *H. Russell Morss, Jr.,* First Assistant Prose-
cutor of the Pleas.

COLIE, J.   The application on behalf of Frank Blusewicz
is for a writ of *certiorari* to remove into the Supreme Court
an indictment found by the grand jury of Union County on
June 20th, 1946, for an assault and battery committed upon
one Flanagan.   The application is grounded upon a statement
that there was "a deliberate and unconstitutional exclusion
from the grand jury panel and the grand jury chosen there-
from, of all wage earners and labor union members" and
further that "the grand jury was not impartial as between
the State and Frank Blusewicz, but on the contrary was biased
and prejudiced against him."

The application on behalf of Wesley Mitchell is for a writ of *certiorari* to remove into the New Jersey Supreme Court the indictment found by the Union County grand jury on December 11th, 1946, against Wesley Mitchell for interfering with a police officer. The application is grounded upon a statement that there was "a deliberate and unconstitutional exclusion from the grand jury panel and the grand jury chosen therefrom, of all wage earners, labor union members, and members of the colored race" and further that "the grand jury was not impartial as between the State and Wesley Mitchell but on the contrary was biased and prejudiced against him."

Since the decisions of the Supreme Court of the United States in *Norris* v. *Alabama,* 294 *U. S.* 587; 79 *L. Ed.* 1074, and *Thiel* v. *Southern Pacific Co.,* 328 *U. S.* 217; 90 *L. Ed.* 1180, holding that the exclusion of all persons of the African race and the exclusion of all persons who work for daily wages from the list of jurors, either grand or petit, may be ground for reversal, it is obvious that the questions raised on these applications are important, and so far as the exclusion of wage earners is concerned, of novel impression in this state.

Whether or not the allowance of writs of *certiorari* at this stage of the proceedings is the proper course to pursue is also a question of importance.

In *State* v. *Bolitho,* 103 *N. J. L.* 246; affirmed on the opinion below in 104 *Id.* 446, Mr. Justice Kalisch, in discussing the removal of indictments by writ of *certiorari* into the Supreme Court said this:

"An application to a Supreme Court Justice for a writ of *certiorari* to remove an indictment into the Supreme Court for the purpose of moving before that tribunal to quash is addressed to the discretion of the justice. If he refuses to exercise his discretion to allow, the writ the application may be made to the Supreme Court *en banc*. But the refusal of either furnishes no proper basis for an assignment of error, under proceedings by strict writ of error nor for a specification of cause for reversal in proceedings under the one hundred and thirty-sixth section of the Criminal Procedure Act. It will not be out of place to state here that for more than

fifty years it was the fixed practice to disallow an application for a writ of *certiorari* to remove an indictment into the Supreme Court for the purpose of moving there to quash it, unless the Prosecutor of the Pleas consented to its removal, or unless it appeared upon the face of the indictment that it was clearly defective in substance and a motion to quash had been made in the court of the first instance, which motion was denied.

"It is evident that such a course avoids delay in the trial of criminal cases, without depriving a defendant of any legal right he may have to question the validity of the indictment against him, on the trial and upon appeal, of course, if he pursues the practice which obtains in that respect."

The denial of a writ of *certiorari* will not prejudice either of these defendants in any respect since each has the right to interpose before the Court of Oyer and Terminer a challenge to the array, at which time the very issues sought to be adjudicated upon the return of the writs of *certiorari* may be dealt with in the trial court. See *R. S.* 2:92–1, *et seq.*

In denying these applications, the court is not unmindful of the line of cases typified by *State* v. *McCarthy*, 76 *N. J. L.* 295; *State* v. *Borg*, 8 *N. J. Mis. R.* 349; *affirmed, Id.* 705; *In re Ellenstein et al.*, 119 *N. J. L.* 597; *In re Donovan*, 129 *Id.* 25. As suggested above, the questions sought to be raised by *certiorari* may be disposed of more expeditiously and with equal protection to these defendants by appropriate steps in the Court of Oyer and Terminer.

The application of Frank Blusewicz for a writ of *certiorari* is denied and the like application of Wesley Mitchell is denied; both denials without costs.